■ In the Matter of the Claim of DEMETRIO SOSA, Appellant. MARTIN P. CATHERWOOD, as Industrial Commissioner, Respondent.— *Per Curiam*. Appeal by claimant from a decision of the Unemployment Insurance Appeal Board which disqualified him from benefits on the ground that he voluntarily left his employment without good cause by provoking his discharge. (Unemployment Insurance Law [Labor Law, art. 18], § 593, subd. 1, par. [a].) The discharge followed after claimant was stopped by a guard at the gate while taking from the premises a small piece of scrap metal, without permission of his foreman. The board found, upon substantial evidence, that the employer sold small pieces of scrap which it could not use in its production and, upon request, permitted its employees to take such pieces, charging them the scrap price; that the employer had been encountering a good deal of trouble with pilferage and to combat it had hired a guard and posted notices that any

employee discovered by the guard to be removing property without permission would be discharged; and that claimant some years before had been reprimanded for attempting to take away a junked table and was warned to get permission in future. The board found: " Claimant knew or should have known that it was against company rules for him to remove company property without getting permission of the foreman. This is evident not only from the notices which were posted on the bulletin board but from the fact that the claimant himself testified that he was informed at the time of the previous incident not to remove any material without permission of the foreman. Even though the material removed by claimant had small value, he was aware of the company policy and knew or should have known that his failure to abide by the policy could bring about his discharge." Regrettable as claimant's discharge may be, we cannot view as arbitrary or unreasonable the board's purely factual determination in his case. (*Matter of Braccino* [*Catherwood*], 30 A D 2d 609; *Matter of Glassmith* [*Catherwood*], 27 A D 2d 584.) Trifling as the value of the metal may have been, it was not for the employee to determine when and if the rules and penalties adopted by the employer to meet its pilferage problem should be relaxed and their exemplary effect mitigated. Neither the employer nor, in turn, the board was obliged to be satisfied with claimant's explanation that the value of the metal was small and the foreman from whom he should have sought permission was new. Decision affirmed, without costs. Gibson, P. J., Reynolds, Staley, Jr., and Greenblott, JJ., concur in memorandum *Per Curiam; Aulisi, J., not voting.